UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR09-355-JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| RADAMES RIVERA, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| | ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on December 10, 2009. The United States was represented by AUSA Jill Otaki and the defendant by Carol Koller and Kyana Stephens. The proceedings were digitally recorded.

Defendant had been sentenced in the District of Alaska on or about April 20, 2007 by the Honorable Ralph R. Beistline on a charge of Counterfeiting Obligations of the United States, and sentenced to 46 months custody, 36 years supervised release.

The conditions of supervised release included the standard conditions plus the requirements that defendant cooperate in the collection of DNA, submit to drug testing and treatment, submit to search, and be prohibited from possessing a firearm.

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

On October 5, 2009, defendant's probation officer in the District of Alaska submitted the following petition alleging that defendant violated the conditions of supervised release:

(1) The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that, on or about October 5, 2009, the defendant was found in possession of Marijuana during a search of the defendant's residence.

(2) The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that, on or about, October 5, 2009, the defendant submitted a urine sample which field tested positive for Marijuana and the defendant signed an admission of drug use form to the use of Marijuana.

(3) The defendant has violated the Standard condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer, "in that, on or about October 5, 2009, during a search of the defendant's residence the defendant admitted to corresponding with several individuals who he had been incarcerated with in federal prison and who were still in federal custody. The defendant admitted to associating with Jonathan Wood, who is on supervision in the WD/WA.

(4) The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that, on or about October 5, 2009, the defendant was cited for Driving

without a Valid License and no proof of insurance.

Probation jurisdiction was transferred to this District on October 8, 2009. (Dkt. 1.) A supplemental violation report was filed on October 14, 2009 (Dkt. 4), alleging that defendant violated a condition of supervised release as follows:

(5) On or before October 4, 2009, committing the offense of Conspiracy to Introduce Contraband into a Federal Institution, in violation of 18 U.S.C. Section 1791 and the general condition that the defendant not commit another federal, state or local crime.

On October 21, 2009, defendant was advised in full as to those charges and as to his constitutional rights. Defendant admitted violating the conditions of supervised release as alleged in violations 2 and 4 and waived any evidentiary hearing as to whether they occurred. (Dkt. 5.) An evidentiary hearing was scheduled before the undersigned United States Magistrate Judge on December 10, 2009.

On December 10, 2009, defendant admitted violating the conditions of supervised release as alleged in violation 1. An evidentiary hearing was conducted on alleged violations 3 and 5 at which time testimony was taken, exhibits were admitted into evidence, and the argument of the parties was considered (Dkt. 11.). The matter is now ready for decision.

**Findings of Fact and Recommendations**

I find by the preponderance of the evidence that defendant has violated the conditions of supervised release as set forth below.

*Associating with Known Felons*

The conditions of supervised release include a restriction on associating with persons convicted of a felony, unless granted permission to do so by the probation officer. (Ex. 1,

Standard Condition 9.) Evidence seized during the search of defendant's apartment included a number of documents with names and addresses of individuals with whom he had been incarcerated in federal prison. (Ex. 13-18.) These individuals are convicted felons and remain incarcerated in a medium security federal prison in Colorado. Defendant's probation officer, Jennifer Tien, testified that defendant admitted to corresponding with these inmates. I recommend the Court find defendant violated his supervised release as alleged in violation 3.

*Introducing Contraband into a Federal Prison*

A general condition of supervised release prohibits defendant from committing another federal, state or local crime. Violation 5 alleges that defendant violated the conditions of supervised release by committing the crime of Conspiracy to Introduce Contraband into a Federal Institution, 18 U.S.C. § 1791. Specifically, defendant is accused of shipping a package to an inmate of the Forrest City Federal Correctional Institution (FCI) in Forrest City, Arkansas, containing 30 grams of heroin.

The investigation of this alleged violation started when defendant's probation officer, Jennifer Tien, was contacted by an official at the Forrest City FCI, who advised that defendant was believed to be involved in introducing heroin into the institution. A package had been intercepted with a Seattle law firm return address, containing a balloon of heroin contained in a hollowed out area of a legal brief binder. (Ex. 3-11.) Ms. Tien obtained authorization for a search of defendant's vehicle and residence. During the course of the search, a similar return address label, as well as blank labels, were found in defendant's car, together with a "confidential" stamp that matched the stamp on the intercepted package of heroin, and other packing materials. (Ex. 3.) In defendant's residence, additional hollowed-out legal brief binders

were found, as well as correspondence between various inmates and the defendant. A mailing envelope was found addressed to Rebecca Rivera at defendant's address from an inmate in the Forrest City FCI. Defendant's probation officer testified that defendant does not have a family member with that name, and the search of his apartment did not reveal any indication that anyone else was living in the apartment.

When interviewed, defendant denied sending heroin to the inmate, although he said that he wouldn't tell the investigator if he had done this. He asserted that the return address labels were in the car when he bought it. He admitted that inmates had sent him the legal brief binders, but that he threw them out.

I find that the preponderance of the evidence supports the conclusion that defendant was participating in a conspiracy to introduce contraband into a federal prison. Identical mailing materials were found in his vehicle during a search. A similarly-hollowed out binder was found in his residence. Other similar binders were found to have been mailed to his residence to "Rebecca Rivera", an apparently fictitious name. Although defendant denied involvement in the scheme, he candidly admitted that he would not be truthful in this regard. Although defendant argues that the package containing the contraband originated in Texas, this theory depends on the unlikely conclusion that the United States Postal Service would accept a package for Express Mail delivery that displayed a return address label from a completely different state than the point of origination. (Ex. 3.) The evidence establishes that defendant was in regular communication with inmates incarcerated in federal prison. I recommend the Court find that the defendant violated the conditions of supervised release as alleged in violation 5.

///

**Summary**

I therefore recommend the Court find defendant violated his supervised release as alleged in violations 1 through 5, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Robart.

Pending a final determination by the Court, defendant has been detained.

DATED this 15th day of December, 2009.

Mary Alice Theiler
United States Magistrate Judge

cc: District Judge:          Honorable James L. Robart
    AUSA:                    Jill Otaki
    Defendant's attorney:    Carol Koller, Kyana Stephens
    Probation officer:       Jennifer Tien